UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

SEC P

TERRY TILMON
CV04-0960 S

v

**CADDO PARISH DISTRICT ATTORNEY
PAUL CARMOUCHE: HOWARD FISH;
HUGO HOLLAND; ROSS OWEN;
LAURA WYNGATE; LEA HALL;
YOLANDA MITCHELL**

CIVIL ACTION

PREPARED AND SUBMITTED BY:

TERRY TILMON
81500 – F.W.C.C.
7990 CADDO DRIVE
KEITHVILLE, LOUISIANA 71047



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
APR 27 2004
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

SEC P

**TERRY D. TILMON**

CV NO:
**CV04-0960 S**

v.

JUDGE: **JUDGE WALTER**

MAG. JUDGE: MAGISTRATE JUDGE PAYNE

**CADDO PARISH DISTRICT ATTORNEY
PAUL CARMOUCHE: HOWARD FISH;
HUGO HOLLAND; ROSS OWEN;
LAURA WYNGATE; LEA HALL;
YOLANDA MITCHELL:
(All in their individual and official
capacities)**

## COMPLAINT

1. This complaint is brought pursuant to title 42 U.S.C. § 1983 which seeks to redress and end polices, customs, and practices of racial discrimination against African Americans occurring at the office of the Caddo Parish District Attorney located in Caddo Parish, Louisiana, in the context of unequal sentencing applications in respect to LSA R.S. 15.529.1, commonly referred to as the "Habitual Offender Law." Although, R.S. 15.529.1 is a facially neutral statute, plaintiff complains that it is being intentionally applied against African Americans in a discriminatory manner by the Caddo Parish District Attorney and his agents that ultimately violates the Equal Protection Clause of the Fourteenth Amendment, U.S.C. as such application is based upon race.

## JURISDICTION

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. 1331 (A), 1343 (3), as a civil rights action arising under the Fourteenth Amendment to the United States Constitution.

3. Plaintiff seeks declaratory relief and therefore jurisdiction is invoked pursuant to the provisions of the Declaratory Acts (28 U.S.C. § 2201 and 2202.)

## VENUE

4. Venue of this action is in the Western District of Louisiana and is proper under 28 U.S.C. § 1291 (C).

## PARTIES

5. Plaintiff, Terry D. Tilmon is currently incarcerated at the Forcht Wade Correctional Center. Located in Keithville, Louisiana. Plaintiff (hereinafter, Tilmon), complains that the actions of the defendants has deprived him of the equal protection of law as may be more fully explained herein.

6. Defendant, Paul Carmouche, serves as District Attorney in and for the Parish of Caddo, Louisiana and as such is vested with the authority by the State of Louisiana to commence and carry out prosecutions against individuals that violate any ordinance, statute, or laws of the State. He is also the final decision and policy maker that decides who will be prosecuted pursuant to the provisions of LSA R.S. 15.529.1, which is the subject matter of the instant matter. He is sued herein his individual and official capacity.

7. Defendants, Howard Fish and Hugo Holland serves as subordinates to defendant Carmouche. They serve as supervisors and are vested with the authority to commence and carry out prosecutions against individuals that violate ordiances, statutes, and laws of this State. In their capacity as

supervisors they share the task of overseeing who'll be prosecuted pursuant to the provisions of LSA R.S. 15.529.1, as well as supervising the work product of other subordinates referred as Assistant District Attorneys. They further share in decision and policy making and is sued herein their individual and official capacities.

8. Defendants, Lea Hall, Ross Owen. Laura Wyngate and Yolanda Mitchell, serves as Assistant District Attorneys. They directly prosecute individuals that violate certain ordinances, statutes, and laws of the State. They also participate in decisions as to who will be prosecuted under the provisions of LSA R.S. 15.529.1, wherein all of the above named defendants at one time or another participated in concert to apply LSA R.S. 15.529.1 against Tilmon in an intentional discriminatory manner because of his race. They are sued herein, their individual and official capacities.

## STATEMENT OF CASE

9. Tilmon, a male African American, is currently serving a twenty four (24) year prison term pursuant to LSA R.S. 15.529.1, (hereinafter, H.O.L.)
10. On January 26, 2001, Tilmon was found guilty by a jury of Simple Burglary.
11. On April 29, 2003, Tilmon was sentenced to twenty four (24) years pursuant to the H.O.L., (Habitual Offender Law).
12. The decision to sentence and adjudicate Tilmon as a Habitual Offender was solely the decision of the named defendants herein.
13. Tilmon contends that as an African American, the Caddo Parish District Attorney and his agents are more likely to select, target, and single out African Americans for Habitual Offender adjudication's than whites.
14. Tilmon contends that he was intentionally and purposefully discriminated against because of his race, wherein the Caddo Parish District Attorney and

his agents has maintained polices, practices, and customs of targeting and selecting African Americans for Habitual Offender adjudication's while intentionally excluding whites.

15. For example, most recently approximately twenty (20) African Americans were sentenced to life imprisonment pursuant to H.O.L., mostly for non-violent crimes. They include but are not limited to: Dale Green, Rufus White, Calvin Thomas, Jermaine Johnson, Michael Thomas, Carlos Wade, Edward Trotter, Noble Bates, Raymond Wade, Fair Wayne Bryant, Lester Ball, Cornell Boykin, Hozey Iverson, Clarence Simmons, Arthur Ray Robinson, Clarence Warfield, Calvin Broadway, Warren Dickerson, Fred Howard and Patrick Terrell. (Others that received less than life include, but are not limited to; Russell Jones, Oliver Scott, James Madison, Charles Wilson, Derrick Taylor, Bill Ester, Henry Thomas, Donnie Watts and Terry Tilmon.)

16. In contrast for example is David Kyle Jr., a well known recidivist to the named defendants herein. Kyle has a criminal history that includes 28 arrests and 7 convictions. Recently, Kyle received a two (2) year plea offer and has since been released only to be rearrested for narcotics violations. Kyle has long been a candidate for Habitual Offender adjudication's but since he is white- he's excluded numerous times. (See exhibit A).

17. Tilmon contends that during the criminal prosecution against him numerous white males that were eligible for Habitual Offender adjudication's were intentionally excluded because of their race and their delinquencies were well known to the named defendants listed herein: David Kyle Jr., Owen Robertson, Danny Boyette, Donnie Butts, Phillip Klorik, Joseph Keifer, Todd Scruggs, Wayne Taylor, Mark Carnett, John Fowler, Loe E. Foster, John Swallows, Christopher Conley.

18. Tilmon contends that the defendant's inaction's in failing to prosecute whites pursuant to the H.O.L. is not the result of mistake, error, or negligence, but an intentional well known practice and custom constituting policy.

19. Tilmon contends on information and belief that defendant Carmouche has never during his twenty seven (27) year tenure as a Caddo Parish District Attorney, permitted a white male to be prosecuted as a Habitual Offender even though he or his agents had knowledge of their delinquencies.

20. Tilmon contends that as an African American he was singled out for Habitual Offender adjudication's and that he has a right to be treated similarly as those (whites) similarly situated, but he has not.

21. Tilmon contends that the decision to prosecute him as a Habitual Offender was invidious and in bad faith because of his race.

22. The defendants acts are intentional while under color of state law.

## COUNT I

23. Plaintiff avers that the acts, polices, practices, and customs of the defendants as alleged herein did deprive plaintiff of the equal protection of the law, thusly violating the Equal Protection Clause of the Fourteenth Amendment, U.S.C. and the Due Process Clause as well.

## RELIEF

**WHEREFORE**, plaintiff respectfully request that the Honorable Court;

    A. Grant compensatory damages in the amount of $2,700,000.00;

    B. Enter an Order pursuant to 28 U.S.C. § 2201 et seq., declaring that; as plaintiff dissimilarly from those similarly situated by targeting and singling out African Americans such as plaintiff for adjudication's pursuant to LSA R.S. 15.529.1, while intentionally excluding whites

be declared unconstitutional in violation of the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment, U.S.C..

C. Jury Trial demand.

D. Any other relief the court seems just and appropriate.

Respectfully submitted,

*[signature]*
Terry Tilmon
81500 – F.W.C.C.
7990 Caddo Drive
Keithville, Louisiana 71047

## VERIFICATION

I **DECLARE** under penalties of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*[signature]*
AFFIANT

**EXECUTED ON:** 4-22-04 TT